# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GABRIEL RODRIGUEZ, et al., | ) | 1:05cv1017 OWW DLB |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL |
| v. | ) | (Document 24) |
| CITY OF FRESNO, et al., | ) | |
| Defendants. | ) | |

Plaintiffs Gabriel and Rebecca Rodriguez ("Plaintiffs") filed the instant motion to compel production of documents and responses to interrogatories on March 10, 2006.  The motion was heard on March 31, 2006, before the Honorable Dennis L. Beck, United States Magistrate Judge. Kenneth W. Brakebill appeared on behalf of Plaintiffs.  James Arendt appeared on behalf of Defendants City of Fresno ("City") and Fresno Police Officer Marcus Tafoya ("Officer Tafoya").

**BACKGROUND**

Plaintiffs filed their civil rights complaint on August 5, 2005, against the City and Officer Tafoya (collectively "Defendants").  Officer Tafoya is sued individually and in his official capacity.  Plaintiffs' allegations arise out of their arrests on March 5, 2005.  They allege causes of action for: (1) violations of the Fourth and Fourteenth Amendments based on their false arrests and the unreasonable use of force, including allegations that the City has a policy, pattern, practice and custom of arresting individuals by using improper means (excessive force), of detaining individuals without probable cause, and of condoning or encouraging the

unconstitutional conduct of the officers; (2) assault and battery; (3) false arrest and imprisonment; and (4) negligence.

Plaintiffs filed the instant motion to compel on March 10, 2006, and seek to compel production of documents and responses to interrogatories served in November 2005. The parties filed their Joint Statement on March 27, 2006.

## **FACTUAL ALLEGATIONS**

According to the Complaint, Plaintiffs attended a party hosted by a Fresno couple on the evening of March 5, 2005. Plaintiffs were inside the private residence with family and friends when Officer Tafoya "ran unannounced through the front doorway of the residence waving his baton in the air and shouting at the guests." Complaint, at 2. Officer Tafoya approached Gabriel and began striking him, causing his "head to bust open and gush blood." Complaint, at 2. Rebecca, his wife, covered him as he fell to the ground in an effort to protect him. Officer Tafoya continued to strike Gabriel and struck Rebecca numerous times with full force.

Without being informed of his rights, Gabriel was handcuffed and arrested, and taken to the hospital for treatment. He was charged with resisting an executive officer and battery of a peace officer. Rebecca was also handcuffed without being informed of her rights and taken to a hospital for treatment. She was charged with battery, resisting arrest and fighting in public.

According to Defendants, on March 6, 2005, at 12:00 a.m., Officer Tafoya and Sergeant Manfredi responded to a radio dispatched call of a loud party disturbance. When they arrived, they saw approximately 20 people fighting and Sergeant Manfredi immediately requested backup. Despite the officers' verbal commands to stop fighting, the participants became more violent and the crowd turned their anger towards the officers. Sergeant Manfredi was attacked and had to hold the crowd back at gunpoint while he attempted to arrest his attacker. Officer Tafoya assisted Sergeant Manfredi and was hit in the face[1] and forced into the house by a large

---

[1] Defendants allege that David Rendon, Jr., and Lawrence Rendon assaulted Officer Tafoya. David Rendon, Jr., has filed a civil rights action in this Court based on these events, and the cases have been consolidated for discovery purposes only.

group of people. Once inside the house, Officer Tafoya saw that someone had taken a chair and pushed it under the doorknob so that nobody could enter.

When Officer Tafoya arrested David Rendon, Sr., Gabriel pushed Officer Tafoya and struck him in the arms and head. Officer Tafoya attempted to strike Gabriel in the arm with his baton, however, Gabriel ducked and was unintentionally hit in the head. Gabriel fell and stopped fighting. Other individuals became involved and were arrested.

As to the discovery requests, Defendants contend that they have produced all available documents except for the Internal Affairs ("IA") investigations related to the subject incident and other instances where complaints of excessive force have been made.

## **LEGAL STANDARD**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . . The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In federal question cases, privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state. Fed. R. Evid. 501; United States v. Zolin, 491 U.S. 554, 562 (1989); Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir. 1975). Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege. Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 198 (9th Cir. 1975). The application of the official information privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken." Id.

Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. See Breed v. United States Dist. Ct. for Northern District, 542 F.2d 1114, 1116 (9th Cir.1976) (balancing the invasion of minor's privacy rights

against the court's need for ward files); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir.1992), *cert. den*. 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 550-51 (E.D.Cal.1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case).

**DISCUSSION**

**A.   DOCUMENTS RELATING TO THE CITY'S INVESTIGATION OF THE MARCH 5-6, 2005, EVENTS**

At the beginning of the hearing, the Court inquired into Defendants' responses and explained that it was unclear whether documents were withheld and on what basis. Pursuant to this discussion, it appears that Defendants have produced the documents in their possession, and/or identified the documents withheld, in response to Request for Production Numbers 14, 15, 17, and 22, and that these requests are no longer an issue. The fact that the Court was required to undertake this inquiry, however, illustrates the inherent vice of the type of "boilerplate" objections used by Defendants. Such objections are not only nettlesome because the propounding party is left to speculate whether any documents have been withheld in reliance on the objections, but are also of little use to the responding party in light of the provisions of F.R.Civ.P. 34 which require the responding party to indicate whether or not production or inspection of the requested documents will be permitted.

Request for Production Number 27 seeks witness statements made to the FPD concerning the events on March 5-6, 2005. As such statements are relevant to Plaintiffs' claims, Defendants shall produce all witness statements, including those made in the context of IA investigations. However, to the extent witness statements were obtained solely in the course of any investigation in response to the tort claim filed by Plaintiffs, or any other investigation undertaken by Defendants' counsel or agents since the inception of this litigation, the statements are protected by the attorney work product doctrine. Defendants will not be required to list tort claim information, except for statements percipient witnesses, in the privilege log.

As to Request for Production Number 29, Defendants shall produce the requested information, with the exception of any investigation undertaken solely as a result of Plaintiffs' tort claim or any other investigation conducted by Defendants' counsel or agents since the inception of this litigation.

Finally, Plaintiffs' motion regarding Request for Production Number 32 is denied, as the request seeks only information relating to Defendants' investigation of the tort claim and is protected attorney work product, as discussed above.

**B.    ELECTRONIC DOCUMENTS RELATING TO THE ARREST AND DETENTION OF THE PLAINTIFFS AND THE MARCH 5-6, 2005, EVENTS**

Request for Production Numbers 5, 18 and 23 seek metadata for documents regarding the events of March 5-6, 2005. Although Defendants point to Exhibit K as responsive to these requests, the document does not identify *what* changes were made to the documents. By way of the declaration of Conrad Nerdahl, manager of the Police Information Services Bureau of the FPD, Defendants estimate that it would take approximately eight hours to gather the requested metadata. This amount of time is not unreasonable. Accordingly, Defendants must produce the requested metadata.

Request for Production of Documents Numbers 3, 19, 24, and 31 seek electronic documents relating to the events in question. As this information is relevant, Defendants shall produce these documents to the extent they have them in an electronic format. This includes e-mail communications, radio communications and unit-to-unit electronic communications.

**C.    COMPLAINTS ABOUT AND INVESTIGATIONS OF SIMILAR MISCONDUCT BY OFFICER TAFOYA AND SERGEANT MANFREDI**

Request for Production Numbers 33 and 34, and Interrogatory Numbers 8 and 9 seek information relating to allegations against Officer Tafoya and Sergeant Manfredi involving excessive use of force, assault and battery, false arrest and imprisonment, entering homes without just or probable cause, using a baton to strike individuals, or falsifying police reports. These requests also seek any investigations into the allegations.

As to Officer Tafoya, this information is relevant to Plaintiffs' claims and is therefore discoverable. Accordingly, Defendants shall provide the requested information relating to

1   Officer Tafoya, for the time period beginning with the start of his employment with the FPD
2   through to the present. <u>Henry v. County of Shasta</u>, 132 F.3d 512, 518-519 (9th Cir. 1997)
3   (holding that post-event evidence is not only admissible for purposes of proving the existence of
4   a municipal defendant's policy or custom, but is highly probative of that inquiry). This
5   information may be produced pursuant to a stipulated protective order.

6         As to Sergeant Manfredi, the Court finds that complaints and investigations relating to the
7   falsification of police reports and the use of excessive force are relevant.  Plaintiffs have alleged
8   that Sergeant Manfredi and Officer Tafoya acted together to falsify police reports, making
9   Sergeant Manfredi's history of complaints/investigations regarding the falsification of police
10  reports relevant.  Moreover, because Sergeant Manfredi was Officer Tafoya's supervisor at the
11  scene, his history of complaints/investigations regarding the use of excessive force becomes
12  relevant.  <u>See</u> eg., <u>Hampton v. City of San Diego</u>, 147 F.R.D. 227, 229 (S.D.Cal. 1993).  As a
13  supervisor, he likely set the tone for his officers' actions and his history of
14  complaints/investigations of excessive force are therefore relevant.  Accordingly, the Court
15  orders production of discovery related to complaints/investigations against Sergeant Manfredi for
16  falsification of police reports and use of excessive force, made in the past ten years.  Again, this
17  information may be disclosed subject to a stipulated protective order.

18        Request for Production of Documents Number 34 specifically requests information
19  relating to prior IA investigations of complaints against Officer Tafoya and Sergeant Manfredi.
20  Within the above parameters, such information is discoverable.  This includes the conclusions
21  and recommendations of prior IA investigations which are relevant to the *Monell* issues raised
22  in the complaint.

23        However, to the extent that this request seeks conclusions and recommendation of an IA
24  investigation concerning the events at issue here, the Court will not require disclosure.  First, the
25  conclusions and recommendations, which exist only in the unlikely event the investigation is
26  completed, are not relevant.  Second, the jury should decide this case based on its analysis of
27  witness credibility and the facts presented rather than another's opinion of the events in question.
28  ///

**D.     TRAINING AND SUPERVISION RECORDS OF SERGEANT MANFREDI**

Request for Production Numbers 36 and 38 seek documents relating to the training and supervision of Sergeant Manfredi and Officer Tafoya concerning the use of force and arresting and detaining individuals.  Defendants have agreed to produce Officer Tafoya's supervision and training records, as well as Sergeant Manfredi's training records, pursuant to a stipulated protective order.

The requests initially included logs or summaries that identified the extent to which Sergeant Manfredi or Officer Tafoya were supervising others, or were being supervised by others.  Conceding that this could include insignificant notations in the personnel files of numerous officers supervised by Sergeant Manfredi, Plaintiffs narrowed the request to include only evidence that Sergeant Manfredi and/or Officer Tafoya was counseled with respect to these areas or taught classes in these areas.  These documents are relevant and should be produced. The information may be produced pursuant to a stipulated protective order if the officers' privacy rights are implicated.

**E.     DOCUMENTS AND INFORMATION REGARDING ALLEGATIONS THAT OTHER FPD PERSONNEL HAVE ENGAGED IN SIMILAR MISCONDUCT**

Requests for Production Numbers 39 and 40 seek information regarding allegations and complaints against other FPD personnel involving the use of excessive force and detaining individuals without probable cause.  Interrogatories Numbers 10 and 11 seek information relating to any resulting investigations by the City.

As written, these requests are overbroad.  To the extent Plaintiffs offered to narrow the request to officers at the scene, the requested information is irrelevant.  While such discovery may be proper in certain situations, it is not warranted here.  Additional officers arrived to assist Officer Tafoya and Sergeant Manfredi *after* the alleged incidents occurred.  The background of other officers, therefore, is not relevant because they were not critical witnesses to the events. Accordingly, Plaintiffs' motion as to Request for Production Numbers 39 and 40, and Interrogatory Numbers 10 and 11, is denied, subject to renewal of the motion if further discovery implicates other officers as witnesses.

7

At the hearing, Plaintiffs offered to narrow these requests to Officer Tafoya and Sergeant Manfredi. The Court has discussed the proper scope of discovery above, in Section C.

**F.    THE CITY'S REFERENCE TO BUSINESS RECORDS IN RESPONSE TO INTERROGATORIES**

Plaintiffs object to Defendants' reference to records in response to Interrogatories Numbers 1, 2, 5, 6, and 7.

As to Numbers 1, 2, 5 and 6, Plaintiffs contend that they would like basic information not included in the exhibits provided by Defendants. The parties have agreed to further discuss Plaintiffs' requests.

Interrogatory Number 7 requests the nature of injuries and causes, including medical treatment sought or received, sustained by each person of the City of Fresno as a result of the events on March 5-6, 2005. Plaintiffs contend that although Defendants have provided descriptions of the injuries by way of the event and police reports, they have not identified the cause of the injuries and whether the injured received treatment. Because such information is relevant to Plaintiffs' claims, Defendants shall provide further responses to include any additional information regarding the cause of the injuries and treatment.

**G.    THE CITY'S PRIVILEGE LOG**

Plaintiffs object to Defendants' privilege log as deficient under Federal Rule of Civil Procedure 26(b)(5) because it fails to describe any documents and does not explain why the responsive documents are privileged.

The Court has reviewed Defendants' privilege log and finds it to be insufficient. All communications relating to the incident must be included in the privilege log, except litigation documents as discussed above. The log must list the document, a description of the document, including when it was created and who created it, and the claimed privilege. Therefore, Defendants shall submit a new privilege log to Plaintiffs within twenty (20) days of the date of this order.

IT IS SO ORDERED.

Dated:    April 6, 2006                              /s/ Dennis L. Beck
3b142a                                              UNITED STATES MAGISTRATE JUDGE