1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GABRIEL RODRIGUEZ, et al.,     )   1:05cv1017 OWW DLB
                                     )
                                     )   ORDER RE PLAINTIFFS'
              Plaintiffs,   )   MOTION TO COMPEL
                                     )
     v.                        )   (Document 31)
                                     )
CITY OF FRESNO, et al.,        )
                                     )
                                     )
              Defendants.   )
_____)

      Plaintiffs Gabriel and Rebecca Rodriguez ("Plaintiffs") filed the instant motion to compel production of documents on April 14, 2006.  The motion was heard on May 12, 2006, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Anne Hunter appeared on behalf of Plaintiffs.  James Arendt appeared on behalf of Defendants City of Fresno ("City") and Fresno Police Officer Marcus Tafoya ("Officer Tafoya").

## BACKGROUND

      Plaintiffs filed their civil rights complaint on August 5, 2005, against the City and Officer Tafoya (collectively "Defendants").  Officer Tafoya is sued individually and in his official capacity.  Plaintiffs' allegations arise out of their arrests on March 5, 2005.  They allege causes of action for: (1) violations of the Fourth and Fourteenth Amendments based on their false arrests and the unreasonable use of force, including allegations that the City has a policy, pattern, practice and custom of arresting individuals by using improper means (excessive force), of

1   detaining individuals without probable cause, and of condoning or encouraging the

2   unconstitutional conduct of the officers; (2) assault and battery; (3) false arrest and

3   imprisonment; and (4) negligence.

4        Plaintiffs filed the instant motion to compel on April 14, 2006 and seek to compel

5   production of documents served on February 23, 2006.  The parties filed their Joint Statement on

6   May 9, 2006.

7   **FACTUAL ALLEGATIONS**

8        According to the Complaint, Plaintiffs attended a party hosted by a Fresno couple on the

9   evening of March 5, 2005.  Plaintiffs were inside the private residence with family and friends

10  when Officer Tafoya "ran unannounced through the front doorway of the residence waving his

11  baton in the air and shouting at the guests."  Complaint, at 2.  Officer Tafoya approached Gabriel

12  and began striking him, causing his "head to bust open and gush blood."  Complaint, at 2.

13  Rebecca, his wife, covered him as he fell to the ground in an effort to protect him.  Officer

14  Tafoya continued to strike Gabriel and struck Rebecca numerous times with full force.

15       Without being informed of his rights, Gabriel was handcuffed and arrested, and taken to

16  the hospital for treatment.  He was charged with resisting an executive officer and battery of a

17  peace officer.  Rebecca was also handcuffed without being informed of her rights and taken to a

18  hospital for treatment.  She was charged with battery, resisting arrest and fighting in public.

19       According to Defendants, on March 6, 2005, at 12:00 a.m., Officer Tafoya and Sergeant

20  Manfredi responded to a radio dispatched call of a loud party disturbance.  When they arrived,

21  they saw approximately 20 people fighting and Sergeant Manfredi immediately requested

22  backup.  Despite the officers' verbal commands to stop fighting, the participants became more

23  violent and the crowd turned their anger towards the officers.  Sergeant Manfredi was attacked

24  and had to hold the crowd back at gunpoint while he attempted to arrest his attacker.  Officer

25  Tafoya assisted Sergeant Manfredi and was hit in the face[1] and forced into the house by a large

26

27      [1] Defendants allege that David Rendon, Jr., and Lawrence Rendon assaulted Officer Tafoya.  David

28  Rendon, Jr., has filed a civil rights action in this Court based on these events, and the cases have been consolidated for discovery purposes only.

2

group of people.  Once inside the house, Officer Tafoya saw that someone had taken a chair and

pushed it under the doorknob so that nobody could enter.

When Officer Tafoya arrested David Rendon, Sr., Gabriel pushed Officer Tafoya and

struck him in the arms and head.  Officer Tafoya attempted to strike Gabriel in the arm with his

baton, however, Gabriel ducked and was unintentionally hit in the head.  Gabriel fell and stopped

fighting.  Other individuals became involved and were arrested.

As to the discovery requests, Defendants argue that they have already produced all

available documents related to the subject incident and other instances where complaints of

excessive force and falsification of reports have been made.  Consequently, defendants argue

plaintiffs' requests which seek, without limitation, the personnel files of Officer Tafoya and

Sergeant Manfredi in their entirety, are overbroad and not warranted.

## **LEGAL STANDARD**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged,
> which is relevant to the claim or defense of any party, including the
> existence, description, nature, custody, condition, and location of
> any books, documents, or other tangible things and the identity and
> location of persons having knowledge of any discoverable matter  .
> . . .  The information sought need not be admissible at trial if the
> information sought appears reasonably calculated to lead to the
> discovery of admissible evidence.

In federal question cases,  privileges asserted in response to discovery requests are

determined under federal law, not the law of the forum state.  Fed. R. Evid. 501; United States v.

Zolin, 491 U.S. 554, 562 (1989); Kerr v. United States District Court for the Northern District of

California, 511 F.2d 192, 197 (9th Cir. 1975).  Federal common law recognizes a qualified

privilege for official information, also known as the governmental privilege, or state secret

privilege.  Kerr v. United States District Court for the Northern District of California, 511 F.2d

192, 198 (9th Cir. 1975).  The application of the official information privilege is "contingent

upon the competing interests of the requesting litigant and subject to disclosure especially where

protective measures are taken."  Id.

Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. See Breed v. United States Dist. Ct. for Northern District, 542 F.2d 1114, 1116 (9th Cir.1976) (balancing the invasion of minor's privacy rights against the court's need for ward files); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir.1992), cert. den. 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 550-51 (E.D.Cal.1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case).

## DISCUSSION

**A.**   **DOCUMENTS AT ISSUE**

The parties have categorized the requests at issue as follows:

1.      All documents regarding any evaluations of Officer Tafoya and/or Sergeant Manfredi as a result of a complaint for excessive use of force or for violent conduct, including but not limited to documents identifying the circumstances giving rise to the evaluation, any report of the evaluation, and any follow-up assessment or recommendation (RFP Nos. 53 and 54);
All documents regarding Officer Tafoya's and/or Sergeant Manfredi's employment history with the FPD, including but not limited to records of positions held, promotions, any disciplinary actions, any suspensions, and any intentions to terminate (RFP Nos. 55-56);
All documents regarding any background checks the City reviewed or performed on Officer Tafoya pertaining to any use or alleged use of force or history of violent conduct or aggressive behavior, prior to or during the course of Officer Tafoya's employment with the FPD (RFP No. 57); and
All documents regarding any background checks the City reviewed or performed on Sergeant Manfredi pertaining to any use or alleged use of force or history of violent conduct or aggressive behavior, prior to or during the course of Sergeant Manfredi's employment with the FPD (RFP No. 58).

Defendants provided the following response to all six requests:

**This request is objected to on the grounds that it is vague, ambiguous and overbroad with respect to "All DOCUMENTS."   This request is also objected to on the grounds that these documents may be subject to the attorney-client privilege and attorney work product doctrine and protected by Evidence Code §§ 1040 and 1043, Penal Code § 832.7, the official information privilege, as well as the individual officers' rights to privacy. See attached Privilege Log and Declaration of Captain Patrick Rhames. Without waiving said objections and subject to a Stipulated Protective**

**Order, responding party may produce discoverable portions of the requested documents.**

At the beginning of the hearing, the Court inquired into Defendants' responses.  Pursuant to this discussion, it appears that Defendants have previously produced the documents in their possession, which would be responsive to Request for Production Numbers 53 and 54.  Consequently,  these requests are no longer an issue.  However, a specific response to these requests so indicating is required.  As this Court has previously cautioned, "boilerplate" objections such as used by Defendants, all too often result in the unnecessary waste of resources by the parties and the Court because there is no means of determining whether documents have been withheld in reliance on the objections.

Request for Production Numbers 55 and 56 seek documents regarding Officer Tafoya and Sergeant Manfredi's employment history.  At the hearing, counsel clarified that the requests are limited to personnel records or portions of personnel records regarding the officer's employment history (including but not limited to records of positions held, promotions, disciplinary actions, suspensions and intentions to terminate) which reflect complaints regarding aggressive or violent conduct, on or off the job; the use of excessive force; the detainment of individuals without probable cause; false arrest and imprisonment; entering homes without just or probable cause; assault and battery; using a baton to strike individuals; or falsifying police reports.  With these limitations, the  documents are relevant to Plaintiffs' claims and therefore Defendants shall produce all documents responsive to Request Nos. 55 and 56, subject to the stipulated protective order, within 20 days of this Order.

Request for Production Numbers 57 and 58 seek documents regarding any background checks the City reviewed or preformed on Officers Tafoya and Manfredi.  At the hearing, counsel agreed that the requests were also limited to documents which reflect the alleged use of force or history of violent conduct, or aggressive behavior.  With these limitations, Defendants shall produce the requested information, subject to the stipulated protective order, within 20 days of this Order.

///

1  **B.    THE CITY'S PRIVILEGE LOG**

2         Plaintiffs once again object to Defendants' privilege log as deficient under Federal Rule

3  of Civil Procedure 26(b)(5) because it fails to describe any documents and does not explain why

4  the responsive documents are privileged.

5         The log must list the document, a description of the document, including when it was

6  created and who created it, and the claimed privilege.  In producing the documents ordered

7  herein, Defendants shall submit a revised privilege log in compliance with this and the Court's

8  prior Order.

9  **C.    CONCLUSION**

10        Based on the foregoing, plaintiff's motion to compel production of documents is granted

11  in part.  Defendants shall provide a further response to plaintiffs' request for production of

12  documents, including a revised privilege log and production of documents, consistent with this

13  Order, within 20 days.

14        IT IS SO ORDERED.

15     **Dated:    May 12, 2006**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE
16  3b142a

17

18

19

20

21

22

23

24

25

26

27

28