ARTURO J. GONZALEZ (CA SBN 121490)
KENNETH W. BRAKEBILL (CA SBN 196696)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
Email:   agonzalez@mofo.com
         kbrakebill@mofo.com

Attorneys for Plaintiffs
GABRIEL RODRIGUEZ and REBECCA RODRIGUEZ

JAMES D. WEAKLEY (CA SBN 085823)
JAMES J. ARENDT (CA SBN 142937)
Weakley, Ratliff, Arendt & McGuire, LLP
1630 E. Shaw Avenue, Suite 176
Fresno, CA 93710
Telephone: (559) 221-5256
Facsimile: (559) 221-5262
Email:   jim@wrlaw.com
         james@wrlaw.com

Attorneys for Defendants
CITY OF FRESNO, MARCUS TAFOYA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| GABRIEL RODRIGUEZ and REBECCA RODRIGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, MARCUS TAFOYA, individually; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 1:05-CV-01017-OWW-DLB<br><br>**STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFFS' MEDICAL INFORMATION**<br><br><br>Complaint Filed: August 8, 2005<br><br>Trial Date: September 26, 2006 |

The Plaintiffs Gabriel Rodriguez and Rebecca Rodriguez and the Defendants City of Fresno and Marcus Tafoya (collectively, the "Parties"), through their respective counsel of record, hereby stipulate to the following Protective Order, subject to approval by the Court.

///

1.     1.     This Stipulated Protective Order shall govern the use and disclosure of Plaintiff Gabriel Rodriguez's and Plaintiff Rebecca Rodriguez's medical information, health status, and medical records (collectively, the "Plaintiffs' Medical Information"), as well as any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel submitted to or presented in court or in other settings that might reveal the Plaintiffs' Medical Information.  The Parties agree that the Plaintiffs' Medical Information should be treated as confidential pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  Nothing in this Stipulated Protective Order shall obligate any Party or non-party to produce the Plaintiffs' Medical Information to any other party that it is not otherwise required to produce to under the Federal Rules of Civil Procedure or any applicable local rule.

2.     A party producing documents containing the Plaintiffs' Medical Information shall affix the legend "**CONFIDENTIAL**" on each page.  If any such material cannot be labeled with the aforementioned markings, it shall be placed in a sealed envelope or other container that is marked "**CONFIDENTIAL**."

3.     If the producing party inadvertently fails to designate the Plaintiffs' Medical Information as "**CONFIDENTIAL**," such failure shall not constitute a waiver of a claim of confidentiality or of the party's right to so designate such material.  In the event that such an inadvertent failure occurs, the producing party shall, upon discovery of the error, promptly notify in writing all parties known to have received the material in question, and provide them with appropriately marked substitute copies of the affected material.  Within fourteen days of such notice and receipt of substitute copies bearing the appropriate confidentiality marking, the receiving party shall return or destroy (at the producing party's option) all copies of incorrectly labeled material and shall not retain copies thereof or shall raise this matter with the Court and request an Order permitting the receiving party to retain the originally disclosed material.  Upon the re-designation of the materials under this paragraph, upon agreement of the parties, or by court order, said information shall thereafter be treated as confidential.

4. The Plaintiffs' Medical Information and Motion Papers Containing the Plaintiffs' Medical Information may be given to, shown to, made available to, or communicated in any way only for purposes related to this litigation to:

    a. The Parties for use in relation to this litigation only;

    b. The attorneys of record for the parties, together with non-lawyer staff members of such attorneys whose assistance is necessary for the prosecution or defense of this action;

    c. Other employees, excluding staff and clerical employees, of a party for the purpose of working directly on this litigation at the request of or at the direction of counsel;

    d. Third-party consultants and independent experts to whom it is necessary that the material be shown for the purposes of this litigation;

    e. The Court and jury, as necessary for the purposes of trial or motions; and

    f. Expert witnesses, as necessary for this litigation.

5. Each person in categories 4.a., 4.c., 4.d., and 4.f., herein, shall, prior to being afforded access to the Plaintiffs' Medical Information or to any Motion Papers Containing the Plaintiffs' Medical Information, be shown this Stipulated Protective Order and shall sign a Non-Disclosure Agreement, in the form attached hereto, marked as Exhibit "A" and incorporated herein by this reference, stating that he or she has read and understands its terms and shall abide by those terms.  A file shall be maintained by the attorneys of record of all Non-Disclosure Agreements signed by persons to whom such material has been given.  Non-Disclosure Agreements signed by third-party consultants shall be made available, upon request, for inspection and copying by all other attorneys of record at such time as such consultants are designated as experts in this litigation.  If such third-party consultants are not designated as experts in this litigation, the Non-Disclosure Agreements signed by them shall be available for inspection and copying upon termination of this litigation.

6. If Motion Papers Containing the Plaintiffs' Medical Information are discussed during the course of a deposition herein, or if any aspect of the Plaintiffs' Medical Information is

discussed during the course of a deposition herein, that portion of the deposition record shall be stamped or marked as "**CONFIDENTIAL**," and access thereto shall be limited pursuant to the other terms of this Order.

7. All Motion Papers Containing the Plaintiffs' Medical Information filed with the Court for any purpose, including any pleadings, memoranda, declarations or other documents discussing Plaintiffs' health status, medical information, or medical records shall be filed and served in a sealed envelope or other container marked on the outside with the title of this action, an identification of each item within and a statement substantially as follows:

> "Confidential Information Subject to Protective Order. This item shall not be opened except as ordered by the Court in this action or upon written stipulation executed by all of the parties, and filed in court in this action."

8. The envelope or other container in the Court file shall not be opened except as ordered by the Court or upon written stipulation, executed by all the parties or their counsel and filed with the Court.  All such documents or things so filed shall be treated in accordance with the provisions of this Order.

9. In the event that a party is served with a subpoena by any person, firm, corporation, or other entity who is not a party to this action, or a signatory to Exhibit A, which seeks to compel production of any documents containing the Plaintiffs' Medical Information, including Motion Papers Containing the Plaintiffs' Medical Information, the party upon whom the subpoena is served shall give written notice of the subpoena to the Plaintiffs within five business days of receipt (or, if less than seven (7) calendar days are set for the production, notice shall be given immediately after service of the subpoena, but in no event after the date for production).  The Plaintiffs shall then have the responsibility to obtain a court order to quash the subject subpoena and/or obtain such other relief as will protect the confidential nature of the Plaintiffs' Medical Information.  Should such a motion be filed before the requested production date or should a timely motion be made, the party upon whom the subpoena is served shall not deliver the subject documents until after such time as the court rules on the subject motions. Should an order be obtained, the party upon whom the subpoena is served shall comply with the

order. Should no motion be filed before the scheduled production date, the party upon whom the subpoena is served may comply with the subpoena.

10. If any Defendant serves a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure that seeks, in whole or in part, documents containing or that may contain the Plaintiffs' Medical Information, the Defendant shall comply with Rule 45's prior notice and other requirements; shall serve, along with the subpoena, a copy of this Stipulated Protective Order; and shall provide the subpoenaed party with contact information for counsel of the Plaintiffs. Furthermore, the Defendant shall not set a return date on the subpoena for any date less than 15 business days after the subpoena is served. Without limiting its rights under the Federal Rules, the Plaintiffs shall be given a reasonable opportunity, prior to any production, to review, object to, move to quash, or take other steps to redact, protect, limit, or prohibit the disclosure of documents containing the Plaintiffs' Medical Information, and the subpoenaed party shall not produce any documents that do or may contain the Plaintiffs' Medical Information until it has received either written authorization from the Plaintiffs or a court order permitting such production.

11. The Plaintiffs' Medical Information shall be introduced into evidence only under appropriate order for preservation of confidentiality, unless the confidentiality of such information has been removed by agreement of counsel for the Parties, or by the Court.

12. The Defendants shall notify counsel for the Plaintiffs the specific number of copies of documents marked "**CONFIDENTIAL**" it seeks for production. Said number of copies shall constitute the number of copies that the Defendants reasonably believe they need in preparation of their case, including any copies for attorney work product, copies for experts, copies for depositions, and copies for court filings. The Plaintiffs shall, in a timely manner, produce said number of copies to the Defendants.

13. The Defendants shall be billed solely for the following costs after production of materials in 12 above: the cost to copy the specific number of copies the Defendants have requested (but not the cost of the first copy, which shall be borne by the Plaintiffs), at the rate it would cost the Defendants to make said copies themselves.

14. If the Defendants, in good faith, require additional copies of documents marked "**CONFIDENTIAL**" in preparation of their case, they shall make a further request to counsel for the Plaintiffs. Upon agreement with counsel for the Plaintiffs, copies will be produced in a timely manner to the Defendants, pursuant to the procedures of this Stipulated Protective Order. Agreement shall not be unreasonably withheld by counsel for the Plaintiffs.

15. None of the documents designated "**CONFIDENTIAL**" pursuant to this Stipulated Protective Order (that is, documents marked "**CONFIDENTIAL**" in their entirety or the Confidential portions of documents not otherwise marked "**CONFIDENTIAL**" in their entirety) can be duplicated without further Court Order or authorization.

16. The Defendants shall be responsible for internally tracking the identities of those individuals to whom they provide copies of documents marked "**CONFIDENTIAL**."

17. At the conclusion of the litigation, the documents produced pursuant to this Stipulated Protective Order shall be returned to the Plaintiffs.

18. This Order is intended to regulate and protect the handling of Plaintiffs' Medical Information during the entirety of this litigation through appeal, and thereafter, and shall remain in full force and effect until modified, superseded or terminated on the record by agreement of all the parties to this litigation, or by order of the Court. This Order shall become effective among the parties upon the Court's entry of same. The Court shall retain, after this action has terminated, jurisdiction to enforce the provisions of this Order and to make such amendments, modifications and additions to this Stipulated Protective Order as the Court may from time to time deem appropriate.

19. This Stipulated Protective Order may be signed by the Parties and their counsel in counterpart and it shall be signed by subsequently appearing counsel for new parties as appearances occur.

20. The Court may rely upon facsimile copies of signatures, provided that the original signatures are provided to the Court upon request.

| | | |
|---|---|---|
| 1 | Dated: May 23, 2006 | ARTURO J. GONZALEZ |
| | | KENNETH W. BRAKEBILL |
| 2 | | MORRISON & FOERSTER LLP |

By: _____/s/_____
       Kenneth W. Brakebill

Attorneys for Plaintiffs
GABRIEL RODRIGUEZ AND REBECCA RODRIGUEZ

Dated: May 18, 2006     JAMES D. WEAKLEY
JAMES J. ARENDT
WEAKLEY, RATLIFF, ARENDT & MCGUIRE, LLP

By:  /s/ James Arendt (as authorized on May 18, 2006)

Attorneys for Defendants
CITY OF FRESNO, MARCUS TAFOYA

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: May 24, 2006

_____/s/ Dennis L. Beck_____
Honorable Dennis L. Beck

---

STIPULATED PROTECTIVE ORDER RE: PLAINTIFFS' MEDICAL INFORMATION
C:\Documents and Settings\mad5\Desktop\stip.doc

7

Case No. 1:05-CV-01017-OWW-DLB

**EXHIBIT A**

**NON-DISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order Regarding Plaintiffs' Medical Information entered in the U.S. District Court for the Eastern District of California, Fresno Division, Case Number 1:05-CV-01017-OWW-DLB, *Rodriguez v. City of Fresno, et al.*, and I hereby agree to comply with and be bound by the terms and conditions of this Stipulated Protective Order unless and until it is modified by further order of the Court. I hereby consent to the jurisdiction of the United States District Court, Eastern District of California, for purposes of enforcing this Order.

Dated: _____        _____

By: _____

EXHIBIT A - NDA - STIPULATED PROTECTIVE ORDER RE: PLAINTIFFS' MEDICAL INFORMATION
C:\Documents and Settings\mad5\Desktop\stip.doc

Case No. 1:05-CV-01017-OWW-DLB