# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL RODRIGUEZ, et al., | 1:05cv1017 OWW DLB |
| Plaintiffs, | ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AS PREMATURE |
| v. | (Document 50) |
| CITY OF FRESNO, et al., | |
| Defendants. | |

Defendants filed the instant motion for protective order or alternatively, for modification of scheduling order, on May 22, 2006. Based on a stipulation and order shortening time, the motion was heard on May 26, 2006, before the Honorable Dennis L. Beck, United States Magistrate Judge. Geoffrey Graber and Anne Hunter appeared on behalf of Plaintiffs. James Weakley and James Arendt appeared on behalf of Defendants City of Fresno ("City") and Fresno Police Officer Marcus Tafoya ("Officer Tafoya").

**BACKGROUND**

Plaintiffs filed their civil rights complaint on August 5, 2005, against the City and Officer Tafoya (collectively "Defendants"). Officer Tafoya is sued individually and in his official capacity. Plaintiffs' allegations arise out of their arrests on March 5, 2005. They allege causes of action for: (1) violations of the Fourth and Fourteenth Amendments based on their false arrests and the unreasonable use of force, including allegations that the City has a policy, pattern,

1  practice and custom of arresting individuals by using improper means (excessive force), of
2  detaining individuals without probable cause, and of condoning or encouraging the
3  unconstitutional conduct of the officers; (2) assault and battery; (3) false arrest and
4  imprisonment; and (4) negligence.

5     Defendants seek a protective order preventing Plaintiffs from conducting discovery into
6  areas that are subject to the official information privilege, and areas which have already been
7  determined not to be subject to discovery.  Defendants also seek a protective order preventing
8  Plaintiff from conducting unnecessary and cummulative discovery that is oppressive and places
9  an undue burden on Defendants.  In the alternative, Defendants seek an amendment to the
10 operative Scheduling Order to allow for sufficient time to respond to all of the outstanding
11 discovery.

12    Plaintiffs represent that this motion began as an effort by the City to object to two
13 deposition notices served by plaintiffs on May 16, 2006, comprising a series of limited
14 depositions of a handful of percipient depositions and one 30(b)(6) deposition, that were
15 scheduled to occur on May 30, May 31 and June 2.  At the City's request, Plaintiffs agreed to
16 shorten time on briefing relating to these depositions only.  Plaintiffs contend the City's opening
17 motion, however, expanded the scope of the issues well beyond the limited issues of the May 16
18 deposition notices.

19    At the hearing, the Court inquired into the actual relief requested in the present motion
20 and counsel framed the issues as follows:

21    1.   The ability of Plaintiffs counsel to inquire at the upcoming depositions into the
22         recommendations and conclusions of various officers in the Internal Affairs
23         investigations related to the incident at issue in this case;
24    2.   The discoverability of information relating to open and pending Internal Affairs
25         investigations regarding other incidents, both prior and subsequent to the subject
26         incident;
27    3.   Defendants' obligation to respond to outstanding discovery which is due after the
28         discovery cutoff; and

1       4.      Plaintiffs apparent unwillingness to accommodate counsel in scheduling the
2              numerous upcoming depositions.

After lengthy discussion at the hearing, it is apparent that the present motion is premature. Due to the haste in filing this motion, the parties apparently did not meet and confer on the issues nor did they have adequate time to fully brief the issues.  The issues which Defendants place before the Court are based on anticipated questions at the upcoming depositions and appear to cover areas in which this court has already issued orders.  While the Court is happy to provide assistance to the parties to avoid discovery disputes, the Court cannot rule on objections to deposition questions which have not yet been posed.  The Court therefore declines to grant Defendants' motion for Protective Order as it is premature.  However, with regard to the above issues, the Court reminds the parties, as discussed at the hearing, that it has already ruled, on two occasions that conclusions and recommendations of the IA investigation concerning the events at issue here, which exist only in the unlikely event the investigation is completed, are not relevant because the jury must decide this case based on its analysis of witness credibility and the facts presented rather than another's opinion of the events in question.  Further, the parties are reminded that if they are unable to agree on dates for depositions, the alternative is a Court ordered deposition schedule.

## **CONCLUSION**

Based on the foregoing, Defendants' motion for protective order or modification of scheduling order is DENIED as premature.

IT IS SO ORDERED.

   **Dated:   May 30, 2006**                   **/s/ Dennis L. Beck**
3b142a                                         UNITED STATES MAGISTRATE JUDGE