UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GABRIEL RODRIGUEZ, et al., | ) | 1:05cv1017 OWW DLB |
| | ) | |
| | ) | ORDER GRANTING DEFENDANTS' |
| Plaintiffs, | ) | MOTION TO COMPEL |
| | ) | |
| v. | ) | (Document 34) |
| | ) | |
| CITY OF FRESNO, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Defendants filed the instant motion to compel production of documents pursuant to subpoena on April 21, 2006. The motion was heard on May 26, 2006, before the Honorable Dennis L. Beck, United States Magistrate Judge. Anne Hunter appeared on behalf of Plaintiffs. James Arendt appeared on behalf of Defendants City of Fresno ("City") and Fresno Police Officer Marcus Tafoya ("Officer Tafoya").

**BACKGROUND**

Plaintiffs filed their civil rights complaint on August 5, 2005, against the City and Officer Tafoya (collectively "Defendants"). Officer Tafoya is sued individually and in his official capacity. Plaintiffs' allegations arise out of their arrests on March 5, 2005. They allege causes of action for: (1) violations of the Fourth and Fourteenth Amendments based on their false arrests and the unreasonable use of force, including allegations that the City has a policy, pattern, practice and custom of arresting individuals by using improper means (excessive force), of

1

detaining individuals without probable cause, and of condoning or encouraging the unconstitutional conduct of the officers; (2) assault and battery; (3) false arrest and imprisonment; and (4) negligence.

On or about February 13, 2006, Defendants served subpoenas to the Fresno County Jail as to both Plaintiffs requesting the following documents:

> Any and all records concerning arrests, convictions, criminal histories (commonly known as RAP sheet), incarcerations, bookings, booking photographs, classifications, housing, medical treatment/evaluations, and any correspondence, memoranda, or other documentation relative to those records.

Defendants also served subpoenas to the Fresno County Jail Infirmary requesting:

> [A]ny and all medical records including, but not limited to, treatment evaluations, and any correspondence, memoranda, or other documentation relative to those records . . .

All records from the Infirmary have been produced and therefore are not at issue in this motion.

Plaintiffs filed the instant motion to compel on April 21, 2006 after Plaintiffs objected to the referenced subpoena. Plaintiffs argue the jail records are highly sensitive documents regarding events in plaintiff Gabriel Rodriguez's life that occurred nearly a decade ago and are unrelated to the claims and defenses in this case. Plaintiffs do not dispute the relevance of jail records relating to the March 5-6, 2005 events and have already produced those documents to the City.

The parties filed their Joint Statement on May 23, 2006.

## **DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . . The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

2

1    Upon motion of any person responding to a discovery request, and for good cause shown, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, undue burden or expense." Fed.R.Civ.P. 26(c).

Plaintiffs' primary argument against production of the documents is that they would not be admissible at trial. Admissibility is not determinative. Defendants have made a sufficient showing of the relevance of the documents to their defenses. Plaintiffs have not demonstrated a basis to withhold the documents and therefore they should be produced. The admissibility of the documents should be dealt with by motions in limine at trial, not discovery. Moreover, Plaintiffs' general Rule 26 objections can be addressed by a stipulated protective order which limits disclosure and use of the documents. The parties have already entered into stipulated protective orders with regard to documents that the City has marked Confidential and Plaintiffs' medical information. *See Docket Nos. 33, 43 and 56.* At the hearing, Defendants' counsel agreed to enter into a similar order for the production of the documents at issue in this motion.

### CONCLUSION

Based on the foregoing, Defendants' motion to compel production of documents is GRANTED. Plaintiffs' objections to the subject subpoena are OVERRULED and the documents requested shall be produced, pursuant to a stipulated protective order, within 20 days.

IT IS SO ORDERED.

Dated:   May 30, 2006                   /s/ Dennis L. Beck
3b142a                                  UNITED STATES MAGISTRATE JUDGE